IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-40533

Summary Calendar
_____


GETZELL JOHNSON MURRELL, JR.,

Plaintiff-Appellant,

v.

FELIX THOMPSON, Court Reporter for the 3rd
Judicial District Court, Anderson County,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(6 95-CV-28)
_____
October 30, 1995
Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Getzell Johnson Murrell appeals the decision of the district court to administratively close his case until he returns to Texas. We affirm, although for a different reason than that given by the district court.

Murrell is a federal prisoner incarcerated in the federal facility located in Florence, Colorado. He filed a civil rights

_____

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

action under 42 U.S.C. § 1983 against a court reporter, Felix Thompson, alleging that Thompson violated the Court Reporter Act; denied Murrell access to the courts; and violated his due process rights by refusing to respond to Murrell's inquiries and requests for transcripts of two Texas state criminal proceedings. Murrell pleaded guilty to aggravated sexual assault and capital murder in Anderson County, Texas, state court proceedings, Docket Nos. 22779 and 22980. Murrell states that he "waived appeal." Murrell attempted to contact Thompson by telephone and by letter to order the transcripts of the proceedings and indicated that he was willing to pay the cost of the transcripts. Thompson did not respond to Murrell's inquiries. On September 12, 1994, Murrell sent a certified letter to Thompson, explaining that he had attempted to order the transcript on numerous occasions without response and threatening to file a lawsuit against Thompson if he failed to respond. Thompson responded by letter stating that he would get back to Murrell soon. When Thompson again failed to respond or provide the requested transcripts, Murrell filed this action on January 19, 1995.

The magistrate judge issued a report and recommendation that Murrell's action be administratively closed due to Murrell's extended out-of-state residency. The district court adopted the magistrate judge's findings and conclusions as correct, and ordered that the case be administratively closed. Murrell timely filed a notice of appeal.

Murrell contends that the district court erred in

administratively closing his action solely because he does not presently reside in the state of Texas. He maintains that the indefinite stay of the proceedings in this case would effectively deny him access to the courts as he will be incarcerated in the federal facility located in Colorado for approximately the next 25 years. He maintains that such a lengthy stay would significantly prejudice his ability to litigate his claim.

The district court's order administratively closing the case is the equivalent of a final judgment. See Johnson v. State of Texas, 878 F.2d 904, 905 (5th Cir. 1989) (order holding case in abeyance was appealable under collateral order doctrine of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949)). Therefore, this court has jurisdiction to review the district court's order.

Murrell alleges a denial of due process because Thompson has prevented him from either purchasing or obtaining a free transcript of his state court proceedings. Murrell has not alleged any constitutional violations affecting the validity of his convictions or sentences. He merely asserts that he has a constitutional right to obtain a state-court transcript to determine whether it contains any errors.

On direct appeal, a convicted defendant has the right to obtain a trial transcript or an alternative device that fulfills the same function as a transcript. Griffin v. Illinois, 351 U.S. 12, 18-20 (1956). However, as noted above, Murrell waived his right to appeal the state convictions and sentences. Murrell has failed to demonstrate that he has been deprived of a constitutional

right as the result of the unavailability of the transcript. Murrell does not have a constitutional right to obtain a state-court transcript to conduct a "fishing expedition" to seek out possible trial errors.  See Jackson v. Estelle, 672 F.2d 505, 506 (5th Cir. 1982) (citations omitted).  Because Murrell has not alleged the deprivation of a federal constitutional or statutory right, he is not entitled to either habeas or civil rights relief. See Thomas v. Torres, 717 F.2d 248, 248-49 (5th Cir. 1983), cert. denied, 456 U.S. 1010 (1984) (Fed. R. Civ. P. 12(b)(6) dismissal).

We AFFIRM the district court's decision on the alternative ground that Murrell is not entitled to relief under § 1983.


Murrell has also filed a motion to proceed in forma pauperis (IFP) on appeal.  Murrell's motion is DENIED as unnecessary because the district court granted his motion for leave to proceed IFP on appeal.

AFFIRMED; MOTION DENIED.